UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES SHORTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-233 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

James Shorter, a *pro se* prisoner, filed this habeas corpus petition challenging his 60-day loss of good time and his demotion in credit class as a result of a finding by the Conduct Adjustment Board (CAB) at the Westville Correctional Center. The respondent has filed a response and Mr. Shorter has filed his traverse.

On April 5, 2005, Officer Conn wrote a conduct report charging Mr. Shorter with Class B 212, committing a battery upon another person without a weapon or inflicting serious injury. The conduct report states:

> On the above date and approximate time I officer Conn, was speaking with an offender near the West Stairwell Door, when I smelled what I thought was marijuana. There was (sic) four other offenders around I told each of them to empty their pockets, James Shorter #136551 was hesitant to empty his pockets so I told him I wanted to shake him down. I pulled a large amount of compressed what looked like marijuana from his pocket, he grabbed my wrist very hard and pushed me against the wall, took his substance to the bathroom and flushed it down the toilet.

(Resp. Ex. A).

On April 7, 2005, Mr. Shorter received the screening report detailing the charges against him. During screening, Mr. Shorter made a written request for "video surveillance for 4-5-05 on 7 dorm west wing @ approx 4:30 p.m." (Resp. Ex. B). Mr. Shorter's hearing was held on April

12, 2005.  Mr. Shorter was found guilty of a different Class B offense, 235, fleeing or physically resisting a staff member in the performance of his/her duty.  (Resp. Ex. G).  As a result of the guilty finding, Mr. Shorter lost 60 days good time credit, and he was demoted from credit class II to credit class III.  At no point either before or during the hearing did anyone advise Mr. Shorter that the surveillance tape was unavailable.  The Report of the Disciplinary Hearing does not state that the tape was reviewed, nor that it was unavailable.

Mr. Shorter appealed the decision to the facility head.  In his appeal, Mr. Shorter asserted that he had been denied due process because the CAB failed to consider the surveillance tape. In denying his appeal, the facility head responded, "The video from this date is not available." (Resp. Ex. H-1).  Mr. Shorter then filed an appeal with the final reviewing authority again raising due process arguments with regard to the failure of the CAB to review or address the videotape. The final reviewing authority denied his appeal.

Mr. Shorter filed this petition for writ of habeas corpus again asserting that the CAB's failure to consider the video evidence violated his due process right to present evidence.[1] Prisoners possess a liberty interest in good-time credits and therefore, before reducing a prisoner's credit-earning class, due process must be afforded.  *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002).  Due process requires, among other procedural safeguards, that a prisoner "be allowed to call witnesses and present documentary evidence when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).  While *Wolff* does not guarantee prisoners the unfettered right to call

---

[1] In addition, he challenges the sufficiency of the evidence that was presented and contends that the reporting officer retaliated against him. Since the Court is granting habeas relief based upon Mr. Shorter's argument that he was denied the opportunity to present evidence, the Court need not address Mr. Shorter's remaining arguments.

any witnesses or present any evidence they wish regardless of its relevancy, the hearing board "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Piggie*, 277 F.3d at 925.  Although the hearing board need not explain to the inmate why it denied his request for evidence, it has the burden of proving to this Court in a habeas corpus proceeding that its denial was not arbitrary or capricious. *Id*.

In *Piggie*, the inmate requested a videotape as evidence.  However, the hearing board did not address why it failed to view the tape. *Id.*  Nor did the respondent indicate how viewing the tape would have jeopardized any institutional or correctional goals.  Thus, the Seventh Circuit held that if the tape existed at the time of the request and the inmate had timely requested it, habeas relief should be granted. *Id* at 926.

Here, the respondent does not dispute that Mr. Shorter made a timely written request for the videotape.  Nor does the respondent dispute that the CAB neither reviewed the tape nor determined that it was unavailable to them for the hearing on April 12, 2005.  While it is true that on June 1, 2005, the facility head stated in his review of Mr. Shorter's appeal that "The video from this date is not available," the determination that the video was no longer available came nearly two months after Mr. Shorter's request for the video.  Whether or not the tape was available at the time of the appeal is irrelevant.  Mr. Shorter was entitled to have the tape reviewed by the CAB.  At the very least, the CAB must inquire whether the tape is available at the time of the hearing.  Thus, there are no genuine issues of fact that Mr. Shorter requested the video, that the CAB did not review the videotape as requested by Mr. Shorter, or that the CAB did not give any justifications for its failure to do so.

In addition, the respondent argues that it is "rather plausible and obvious that the Board . . . simply forgot to record the information on the report that the video was not available." (Resp. at 5). In other words, the Respondent argues that the CAB's failure to address the videotape issue was probably just an oversight because it addressed all of Mr. Shorter's other evidence. But such a suggestion is pure speculation. The administrative record reveals that Mr. Shorter timely requested the videotape as evidence, and the CAB neither reviewed the tape nor advised Shorter of its unavailability.

Mr. Shorter has demonstrated that a due process error occurred at a hearing in which he was deprived of his good time credit. As a result, the Court must grant his application for writ of habeas corpus if it finds that the error had a "substantial and injurious effect" on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (citations omitted). We find that it did. In this case, three inmate witnesses testified (via written statements) that there was no adverse contact between Mr. Shorter and Officer Conn. (*See* Resp. Exs. C, D and E). Their testimony was rejected by the CAB in favor of the contrary testimony (also given via written statement) of Officer Conn. Under these circumstances – where the videotape may have provided corroboration of the testimony of the three inmates – we are left with grave doubts over whether the outcome of the proceedings would have been different had the tape been considered. The tie goes to the runner (*i.e.* Mr. Shorter), *O'Neal*, 513 U.S. at 437-38, and habeas relief is therefore appropriate.

For the aforementioned reasons, the Court **GRANTS** the petition for writ of habeas corpus and **DIRECTS** the respondent to restore Mr. Shorter's 60 days earned credit time and restore Mr. Shorter to credit class II retroactively to the date he was demoted as a result of the

disciplinary action that forms the basis of the petition for writ of habeas corpus.  The Court further **DIRECTS** the respondent to **AFFORD** Mr. Shorter all good time credits he would have earned had he not been demoted in credit earning class.

    **SO ORDERED**.

    ENTERED: December 20, 2006.

s/ Philip P. Simon<br>PHILIP P. SIMON, JUDGE<br>UNITED STATES DISTRICT COURT